UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIDIA A. FREGOSO,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>　　　　　Defendant. | Case No. CV 11-9497 JC<br><br>MEMORANDUM OPINION |

**I.　SUMMARY**

On November 17, 2011, plaintiff Lidia A. Fregoso ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; November 22, 2011 Case Management Order ¶ 5.

///

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED. The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.[1]

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On August 16, 2007, plaintiff filed an application for Supplemental Security Income ("SSI") benefits. (Administrative Record ("AR") 121). Plaintiff asserted that she became disabled on April 1, 2002, due to diabetes, hypertension, morbid obesity, arthritis, respiratory problems, congestive heart failure, heel spur on right food, depression, and anxiety. (AR 137-38). The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert on September 23, 2009. (AR 28-46).

On November 6, 2009, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 11-22). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: morbid obesity, degenerative disc disease of the lumbar spine, edema of the lower extremities, and history of bronchitis (AR 13); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 13); (3) plaintiff retained the residual functional capacity to perform light work (20 C.F.R. § 416.967(b)) with certain additional exertional limitations[2] (AR 13);

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability. See Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1196 (9th Cir. 2004) (applying harmless error standard); see also Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1054-56 (9th Cir. 2006) (discussing contours of application of harmless error standard in social security cases).

[2] The ALJ determined that plaintiff could perform light exertion work with (1) standing/walking two hours in an eight-hour workday with the need to alternate standing and sitting every two hours for at least 5-10 minutes; (2) sitting six hours in an eight-hour workday with the need to alternate sitting and standing every two hours for at least 5-10 minutes; (3) occasional climbing, balancing, stooping, kneeling, crouching and crawling; (4) no exposure to

(continued...)

(4) plaintiff has no past relevant work (AR 20); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform, specifically cashier (AR 21); and (6) plaintiff's allegations regarding her limitations were not credible to the extent they were inconsistent with the ALJ's residual functional capacity assessment (AR 19).

The Appeals Council denied plaintiff's application for review. (AR 1).

### III. APPLICABLE LEGAL STANDARDS

#### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.

---

²(...continued)
concentration of smokes, fumes, or other pollutants; and (5) no working at unprotected heights or operating dangerous machinery. (AR 13).

|   |   |   |
|---|---|---|
| (3) | | Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four. |
| (4) | | Does the claimant possess the residual functional capacity to perform claimant's past relevant work? If so, the claimant is not disabled. If not, proceed to step five. |
| (5) | | Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow the claimant to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled. |

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability).

**B.  Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

IV.  DISCUSSION

    A.  The ALJ Properly Evaluated Plaintiff's Credibility

        1.  Pertinent Law

Questions of credibility and resolutions of conflicts in the testimony are functions solely of the Commissioner. Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006). If the ALJ's interpretation of the claimant's testimony is reasonable and is supported by substantial evidence, it is not the court's role to "second-guess" it. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

An ALJ is not required to believe every allegation of disabling pain or other non-exertional impairment. Orn v. Astrue, 495 F.3d 625, 635 (9th Cir. 2007) (citing Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989)). If the record establishes the existence of a medically determinable impairment that could reasonably give rise to symptoms assertedly suffered by a claimant, an ALJ must make a finding as to the credibility of the claimant's statements about the symptoms and their functional effect. Robbins, 466 F.3d 880 at 883 (citations omitted). Where the record includes objective medical evidence that the claimant suffers from an impairment that could reasonably produce the symptoms of which the claimant complains, an adverse credibility finding must be based on clear and convincing reasons. Carmickle v. Commissioner, Social Security Administration, 533 F.3d 1155, 1160 (9th Cir. 2008) (citations omitted). The only time this standard does not apply is when there is affirmative evidence of malingering. Id. The ALJ's

credibility findings "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony."  Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004).

To find the claimant not credible, an ALJ must rely either on reasons unrelated to the subjective testimony (*e.g.*, reputation for dishonesty, internal contradictions in the testimony, or conflicts between the claimant's testimony and the claimant's conduct (*e.g.*, daily activities, work record, unexplained or inadequately explained failure to seek treatment or to follow prescribed course of treatment)).  Orn, 495 F.3d at 636; Robbins, 466 F.3d at 883; Burch, 400 F.3d at 680-81; SSR 96-7p.  Although an ALJ may not disregard such claimant's testimony solely because it is not substantiated affirmatively by objective medical evidence, the lack of medical evidence is a factor that the ALJ can consider in his credibility assessment.  Burch, 400 F.3d at 681.

### 2.     Analysis

Plaintiff contends that the ALJ inadequately evaluated the credibility of her subjective complaints.  (Plaintiff's Motion at 4).  The Court disagrees.

First, an ALJ may properly discount a plaintiff's credibility based on an unexplained failure to seek treatment consistent with the alleged severity of subjective complaints.  See Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991) (en banc) (in assessing credibility, ALJ may properly rely on plaintiff's unexplained failure to request treatment consistent with alleged severity of symptoms); Meanel v. Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999) (in assessing credibility, ALJ properly considered doctor's failure to prescribe and claimant's failure to request any serious medical treatment for supposedly excruciating pain); Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1999) (lack of treatment and reliance upon nonprescription pain medication "clear and convincing reasons for partially rejecting [claimant's] pain testimony"); Fair, 885 F.2d at 604 (ALJ permissibly

considered discrepancies between the claimant's allegations of "persistent and increasingly severe pain" and the nature and extent of treatment obtained). Here, as the ALJ noted, the medical evidence reflects that despite plaintiff's complaints of disabling limitations, as of April 29, 2008 (*i.e.,* over eight months *after* plaintiff applied for SSI benefits) plaintiff had not seen any doctor for regular or ongoing follow up care for over two years. (AR 20) (citing Exhibit 27 F at 33 [AR 753]). Thereafter, plaintiff only sought treatment for her physical complaints through "routine office visits" with Dr. Rubin, her general practitioner. (AR 20) (see AR 722-54, 799-811). In addition, as the ALJ noted, during an October 26, 2007 Comprehensive Psychiatric Evaluation plaintiff stated that she had never received any kind of psychiatric treatment apart from a prescription for Xanax from her general practitioner to help her sleep. (AR 20) (citing Exhibits 19E at 2 [AR 239], 9F at 2 [AR 486]). As the ALJ also noted, the record does not reflect that plaintiff sought treatment from an orthopedist or other specialist, nor did plaintiff seek or receive physical therapy or epidural injections for her arthritis. (AR 20). Plaintiff fails to demonstrate that she was proscribed or even requested any more aggressive medical treatment or, as plaintiff alleges (without any citation to the record) (Plaintiff's Motion at 9), that non-conservative treatment options did not exist for plaintiff's impairments.

Second, an ALJ may discount a plaintiff's subjective complaints due to internal conflicts within the plaintiff's own statements and testimony. See Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir.), as amended (1997) (in weighing plaintiff's credibility, ALJ may consider "inconsistencies either in [plaintiff's] testimony or between his testimony and his conduct"); see also Fair, 885 F.2d at 604 n.5 (ALJ can reject pain testimony based on contradictions in plaintiff's testimony). Here, as the ALJ reasonably noted, plaintiff's testimony at the hearing that she had been looking for work was

///

7

inconsistent with plaintiff's assertions that she suffers from disabling impairments which preclude her from working at all.

Finally, the ALJ properly discounted plaintiff's statements in part because plaintiff's subjective symptom allegations were not fully corroborated by the objective medical evidence. See Rollins, 261 F.3d at 857 ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.") (citation omitted). For example, as the ALJ noted, the report of a Complete Internal Medicine Evaluation from November 2, 2007 reflects physical and neurological examinations of plaintiff that were within normal limits, and only minimal limitations related to plaintiff's massive obesity. (AR 14) (citing Exhibit 10F [AR 492-505]). The ALJ also noted that the medical records do not contain evidence of disuse muscle atrophy that would be expected given plaintiff's alleged level of inactivity. (AR 20); see Meanel, 172 F.3d at 1114 (ALJ properly discredited plaintiff's testimony where there was no evidence of muscular atrophy or other physical sign usually seen in an "inactive, totally incapacitated individual").

Accordingly, a remand or reversal is not warranted.

## V.    CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:   June 14, 2012

                                              /s/
                            Honorable Jacqueline Chooljian
                            UNITED STATES MAGISTRATE JUDGE